Opinion of the Court, by
Hornbloiver, C. J.
Several exceptions have been taken to the proceedings in this case. First, That the beginning and terminating points of the road proposed to be laid out, were not sufficiently designated in the application.
It is true, as stated by the counsel for the defendants, that the statute does not require that the original application, or petition to the court, should designate the beginning and ending of the proposed road : that is, the statute does not, in terms, make such requirement; but by plain implication, and necessary consequence, it does so. When ten or more freeholders think a road necessary, they may apply in writing, to the court for the appointment of surveyors ; giving ten days previous notice, as the statute directs, of “ such intended application,” &c. After the *180 court has appointed the surveyors and fixed the time of their meeting, the applicants, or two of them at least, are to sign and set up notices, of the time and place of meeting, “ designating the points or places, from and to which, the road is to be laid out, vacated or altered.” The road described in this notice, must of course, be the same road, contemplated by the first notice; and for the laying out of which, application has been made to 'the court, for the appointment of surveyors. Consequently, the proposed road, must be described alike, in the first notice, in the petition to the court, and in the notice of the time and place of the meeting of the surveyors ; otherwise, a notice may be given, of an intention to apply for the appointment of surveyors, to lay out one road; the application to the court, and the appointment by them, may be to lay out another road, and the final notice may be, that the surveyors will meet to lay out a road, beginning and ending, at points or places, which were never contemplated by the court making the appointment. It is plain then, that the notice of the time and place of the meeting of the surveyors, must be, to lay out the road; for the purpose of laying out of which, they were appointed by the court; and the proposed beginning, ending, and general course and extent of the road, ought to.be described in the notice, in the same manner, as they are described in the petition to the court; and in the order of the court, appointing the surveyors. A departure from this rule, resulting from a fair construction of the statute, would lead to litigation and confusion.
The original notice and application in this case, were, for a road “ to begin at a stake in the middle of the road, leading &c. called the River bank road, and in the Line of lands between John Scudder and Amos Reeder:” and after giving the general courses and calling for different stakes, the termination of the road is described as follows: “ thence along an ancient driftway to a stake standing in the middle of the road leading from Birmingham to the river Delaware, and there to end.”
It is objected, that at the time of the notices given, and when the application was made, there were no stakes standing at or near the places where they were described to be in the notices, application and order of the court: nor, in fact, until the survey *181 ors laid out the road, and put down the stakes according to their survey.
As to stakes intermediate the beginning and end, of the proposed road, I think it unimportant, whether any were in the places mentioned, or not; but the law requires, that the “ points or places, from and to which, &c.” that is, the beginning and ending of the road, shall be designated. “ To designate ” is “ to point out, or mark by some particular token and a token, is defined to be “a sign” or “mark.” Now, a stake where none exists, is no sign or mark, and of course it cannot designate the place where it stands, when it don’t stand any where. But it is said, the point or place, is sufficiently designated, by what is said in reference to the situation of the stake. If such is the fact, it will no doubt be sufficient. But I think, there is nothing in the notice, to direct us to the spots where the stakes were supposed to be. As to the beginning, the stake was to be “ in the middle of the road ” leading from the eight mile Ferry to the four mile Ferry. At what point, in the middle of the road ? “ In the line of lands between, between John Scudder and Amos Reeder.” This is too indefinite; if it had been where the division line, (if that was meant,) between Scudder and Reeder lands, intersects the road; or opposite a tree or fence standing on that line, it might have been sufficient. But whatever may be said as to the place of beginning, there is no allusion to anything permanent or visible, to designate the place of ending. It was to terminate at “ a stake standing, in the middle of the road, leading from &e.” Whereas there was no stake standing in the middle of that road ; nor any thing referred to, by which the place of such supposed stake could be located.
For this uncertainty I think the return ought to be set aside. There is nothing in the case, cited from 1 South. JR. 31 ; and 2 JHJalst. 37, at war with this decision. In the former ease, the petition gave not only the beginning and ending; but with great minuteness, the points and places, with the courses and distances, by and through which the road should run. The court disapproved of the form, as not allowing to the surveyors any discretion, as to the line of the road; but nevertheless appointed surveyors according to the prayer of the petition. On the other hand, this decision, is in conformity with the requirements of the *182 statute, and with the spirit of former decisions. In that very ease, 1 South. 31, the court say, “the beginning and ending” ought to be named. In Griseom et al. v. Gilmore, 1 Harr. R. 105, a return stating that the beginning of a road, was “ at or near ” a certain place, was held to be too vague and uncertain. In the matter of Highway, reported in 1 Harr. R. 391, although we do not endorse all the reporter has made us say in that case, we did decide that the beginning and terminating points, must be designated ; and that as one stake called for in the application, had only been put down a week before the surveyors met, and the other on the day of meeting, it was not a sufficient description of the beginning and termination of the road.
Another exception taken to this proceeding is, that the petition, was for the appointment of surveyors, to lay out one road and vacate another.
The counsel for the plaintiff in Certiorari insists, that this cannot be done; that it is contrary, or at least inconsistent, with the provisions of the statute: that the act contemplated a separate and distinct proceeding upon every application, to lay out, to alter, or to vacate a road. He contends that the court cannot by one order and upon one application and notice, appoint surveyors to lay out two distinct roads, or to lay out one, and vacate another. That such a proceeding, may interfere with a proper selection of surveyors; some of whom might be competent to act in reference to one of the roads; and by the statute ought to be appointed to do so.; but by being interested in the other, would be excluded altogether. And then again it is asked, if two distinct roads, be laid by one return; or one road laid, and another vacated, and the court, should vacate; or the freeholders on review, should disapprove of one of the proceedings, what is to be done with the return ? These are questions deserving an answer, and when it becomes necessary the court must give one. The objection does not seem to be so strong to the joint application and appointment, as it is to embracing the two separate roads; or the laying out of one road, and vacating another, in the same return. It is true, as stated by counsel, that the forms given us in Griffith’s Treatise and Ewing’s Justice, are as he says; but nevertheless, I believe, in practice, it has not been unusual to make such twofold applications and returns.
*183 In matter of Highway, 2 Halst. 37, it was assumed ty counsel in argument, and acceded to by Justice Ford, that two or three distinct roads might be embraced in one application ; and I am not now prepared to say it cannot be done : but I am inclined to think that in such case, there ought to be separate returns, so that they may be severally disposed of according to law. Upon this point however, I give no opinion.
It was further objected, that if upon the same application, order and return, one road may be laid, and another vacated, the description of the road proposed to be vacated by these proceedings, is altogether too indefinite, that it gives no beginning or ending; but proposes only to vacate all such parts of the old roads, lying upon certain lands, and between certain points; as may become unnecessary, by the laying out of the new road. If however, the two matters may be joined in one application, I do not see bow the road to be vacated can be more specifically described : Since it cannot be told what part of the old road will become useless, until the new one is laid. It seems to suggest another objection to a joint application and return.
On the part of the defendant, it was strongly insisted, that this Certiorari was sued out too late. That the road had been opened and worked upon, and was now a public easement, in which the public had a vested right: that they ought not to be deprived of it without a hearing, and the prosecutor should be left to his remedy under the statute, upon an application to vacate the road.
There is no doubt, but the court have discretionary powers on a Certiorari like this, if they think the public interest will suffer, or private injustice be done, by giving the relief sought by the writ, the court may refuse it. The State v. Anderson, Coxe’s R. 318; the State v. Woodward, 4 Halst. 21, and see Haines v. Campion, 3 Har. 49, lately decided in this court. And, if in this case, the prosecutor had slept over his rights, and permitted the public to expend money and labor on this road, the court might dismiss this writ; but he seems to have opposed this proceeding, in limine; and applied for a Certiorari, the very first term of this court, that occurred after the return of the road was made to the court of Common Pleas. In the State v. Schanck, 4 Halst. 107 — 110, Chief Justice Ewing said, it might well be doubted, whether the court would be warranted in setting aside *184 a road after it had been established and recorded, and thus become, as it were, the property of the public, upon the consent, or confession of errors of some of the original applicants ; but he did not indicate any doubt of the right of the party in interest, to obtain a reversal for errors apparent, merely because the return had been recorded, and passed beyond the control of the applicants.
The defendant’s counsel offered to read, and did read a number of affidavits, going to show the utility and necessity of the road, and some of them proving that the deponents had no difficulty in locating the beginning and end of the road, as designated in the notices. But these affidavits, were inadmissible, and could not control the judgment of the court. We are not at liberty upon a Certiorari, to inquire into the merits of the road ; whether useful or not: nor can we pronounce the application sufficiently certain in law, because some individuals, or many such, could be found, whose familiarity with the premises, enable them to tell where it was intended to begin and where to terminate the road. Our judgment must proceed on the record alone in respect to those matters. Upon the whole, therefore, the return &c. must be reversed and set aside.
Nevius, J. dissented on the second point.

Return set aside.

N. B. A Writ of Error has been issued in this case.
Cited in State v. Northrup, 3 Harr. 275; State v. Bergen, 1 Zab. 345; State v. Oliver, 4 Zab. 132; State v. Woodruff, 7 Vr. 205.